**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                          Chapter 11

E-BRANDS RESTAURANTS, LLC, et al.              Case No.: 8:10-bk-18282-KRM
                                                               (Jointly Administered)

      Debtors.

_____/

THOMAS SANTORO,                                     ADV. NO. _____
as Plan Administrator,

      Plaintiff,

vs.

CHEF'S WAREHOUSE, INC.,

      Defendant.

_____/

**PLAN ADMINISTRATOR'S COMPLAINT**
**TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

      Thomas Santoro, the duly-appointed plan administrator (the "Plan Administrator" or "Plaintiff") for the E-Brands Restaurants Liquidating Trust (the "Liquidating Trust"), which was created on behalf of the unsecured creditors of E-Brands Restaurants, LLC ("E-Brands") and its affiliated debtor entities,[1] hereby files this Complaint against Chef's Warehouse, Inc. (the "Defendant"), pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure, and, in support thereof, states:

---

[1] The following affiliated entities filed chapter 11 petitions in this Court (collectively, the "Debtors"): E-Brands; Timpano of Maryland, LLC (Case No. 10-18297-KRM); Timpano Acquisition, LLC (Case No. 10-18286-KRM); Samba Room Acquisition, LLC (Case No. 10-18290-KRM); Aquaknox, LLC (Case No. 10-18278-KRM); Star Concepts Acquisition, LLC (Case No. 10-18292-KRM); and DBEB, LLC ("DBEB") (Case No. 10-18295-KRM).

## PRELIMINARY STATEMENT

1.      The Plan Administrator is the duly-appointed plan administrator for the Liquidating Trust, which was created on behalf of the unsecured creditors of the Debtors. The Plan Administrator brings this action solely in his capacity as the Plan Administrator and in no other capacity.

2.      The Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of the Defendant by one or more of the Debtors during the ninety-day period prior to the Petition Date pursuant to Bankruptcy Code §§ 547 and 550.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

5.      The statutory predicates for the relief requested in this Complaint are Bankruptcy Code §§ 547 and 550.

## PARTIES AND PROCEDURAL BACKGROUND

6.      On July 30, 2010 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida (the "Court").

7.      On January 31, 2011, the Debtors filed the First Amended Plan of Reorganization (the "Plan").

8.     On February 25, 2011, the Court entered its initial order confirming the Plan, which was supplemented by further order on March 8, 2011 (the "Supplemental Confirmation Order").  The effective date of the Plan occurred on March 9, 2011 (the "Effective Date").

9.     Pursuant to the terms of the Plan and the Supplemental Confirmation Order, Thomas Santoro was appointed as the Plan Administrator and became duly authorized to act in that capacity as of the Effective Date.

10.     Upon the Plan Administrator's appointment, the Plan Administrator and the Plan Administrator's professionals reviewed and analyzed the books and records of the Debtors.

11.     On or within ninety (90) days before the Petition Date, that is from and including May 1, 2010 to and including July 29, 2010 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including the Defendant.

12.     Prior to and/or during the Preference Period, the Defendant provided goods and/or services to the Debtors, which were obligated to pay for such goods and/or services.  As a result, one or more of the Debtors owed an antecedent debt to the Defendant.

13.     During the Preference Period, one or more of the Debtors made transfers to the Defendant during the Preference Period in an amount not less than $13,984.37 (the "Transfers" and each a "Transfer").  A true and correct schedule of the Transfers is attached hereto as **Exhibit A**, which identifies: (i) the Debtor that made the Transfers

(each a "Transferor"); (ii) the Defendant that received the Transfers; (iii) the amount of each Transfer; (iv) the check number for each Transfer; (v) the date of each check; and (vi) the date each check cleared the bank.

14.    The Transfers also include any other transfers made by the Debtors to the Defendant within the Preference Period that have not yet been discovered.

15.    On or around December 28, 2011, the Plan Administrator made written demand (the "Demand Letter") upon the Defendant for the repayment of the Transfers. The Defendant has refused and failed to turnover the Transfers.

16.    The Plaintiff seeks to avoid transfers of interest in the Debtors' property made to the Defendant within the Preference Period.

17.    The Defendant is an entity with a principal place of business at 100 East Ridge Road, Ridgefield, CT 06877.

18.    All conditions precedent to bringing this lawsuit have been satisfied or occurred.

## COUNT I
### (AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547)

19.    The Plaintiff hereby realleges paragraphs 1 through 18 as if fully set forth herein.

20.    Pursuant to Bankruptcy Code § 101(32), and as specifically defined therein, the Transferor was insolvent at the time the Transfers were made to the Defendant in that the sum of the Transferor's debts were greater than the fair value of all of its assets.

21.    The Transfers constitute transfers of property of the Transferor:

     a.     to or for the benefit of the Defendant, which, at all relevant times, was a creditor of Transferor;

     b.     for or on account of an antecedent debt owed by Transferor before the date of the Transfers;

     c.     made while Transferor was insolvent; and

     d.     made within ninety (90) days prior to the Petition Date, or within one (1) year prior to the Petition Date to an insider.

22.     The Transfers to the Defendant enabled the Defendant to receive more than it would receive:

     a.     in a case filed by Transferor under Chapter 7 of the Bankruptcy Code;

     b.     if the Transfers had not been made, and

     c.     if the Defendant received payment of its debt to the extent provided under the Bankruptcy Code, as more specifically set forth within Bankruptcy Code § 547(b)(5).

23.     The Defendant was the initial transferee or the entity for whose benefit the Transfers were made, and as a result, the Plaintiff is entitled to recover the Transfers from the Defendant pursuant to Bankruptcy Code § 550(a)(1).  Alternatively, the Defendant is an immediate or mediate transferee of the initial transferee for whose benefit the Transfers were made, and as a result, the Plaintiff is entitled to recover the Transfers from the Defendant pursuant to Bankruptcy Code § 550(a)(2).

**WHEREFORE**, the Plaintiff, Thomas Santoro, as Plan Administrator, respectfully requests that this Court grant and enter judgment against the Defendant as follows: (a) determining that the Transfers are avoidable under Bankruptcy Code § 547(b); (b) avoiding the Transfers to the Defendant in the amount of $13,984.37 pursuant to Bankruptcy Code § 547(b) and entering judgment in favor of the Plaintiff against the Defendant in the amount of $13,984.37, plus pre-judgment interest from the

date of the Transfers, post-judgment interest, and costs of suit pursuant to Bankruptcy Code § 550; (c) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant makes payment on the Transfers as provided in Bankruptcy Code § 502(d); and (d) granting such other and further relief as the Court deems just and proper.

**COUNT II**
**(RECOVERY OF AVOIDED**
**TRANSFERS PURSUANT TO 11 U.S.C. § 550)**

24.    The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

25.    This count is pled as an effectuating account whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer pursuant to a separately pled count, this count is being separately pled.

26.    Upon the Court setting aside and avoiding the Transfers referenced in the preceding count, for any amount more or less than $13,984.37, the Plaintiff seeks to recover such Transfers pursuant to Bankruptcy Code § 550(a).

**WHEREFORE**, the Plaintiff, Thomas Santoro, as Plan Administrator, respectfully requests that the Court grant and enter judgment that (a) the Defendant was the initial transferee for whose benefit the Transfers in the amount of $13,984.37 were made, and as a result, the Plaintiff is entitled to recover such Transfers pursuant to Bankruptcy Code § 550(a)(1), or alternatively, (b) the Defendant was the immediate or mediate transferee of the initial transferee for whose benefit the Transfers were made, and as a result, the Plaintiff is entitled to recover such Transfers pursuant to Bankruptcy Code § 550(a)(2), plus such other and further relief as the Court deems just and proper.

## **RESERVATION OF RIGHTS**

The Plan Administrator reserves his rights to amend this Complaint, upon the completion of his investigation and discovery, to assert such additional claims for relief against the Defendant and other possible parties as may be warranted under the circumstances.

> GRAYROBINSON, P.A.
> Attorney for Plan Administrator
> 1221 Brickell Avenue, Suite 1650
> Miami, Florida 33131
> Tel: 305-416-6880
> Fax: 305-416-6887
>
>
> By: /s/ Robert D. Peters
>     Frank P. Terzo, Esq.
>     Florida Bar No. 906263
>     frank.terzo@gray-robinson.com
>     Robert D. Peters, Esq.
>     Florida Bar No. 94488
>     robert.peters@gray-robinson.com

\130555\3 - # 772973 v1

**EXHIBIT A**

**(Transfers)**

Chefs Warehouse Inc

## E-Brands Restaurants, LLC – Case No. 8:10-bk-18282-KRM
### Payments made May 1, 2010 through July 30, 2010

| Vendor Name | Amount | Check Number | Check Date | Bank Account | Clear Date |
|---|---|---|---|---|---|
| Chefs Warehouse Inc | $ 1,164.93 | 93445 | 04/02/10 | Seaside 8618 | 05/03/10 |
| Chefs Warehouse Inc | 1,071.49 | 93663 | 04/09/10 | Seaside 8618 | 05/03/10 |
| Chefs Warehouse Inc | 650.60 | 93223 | 03/26/10 | Seaside 8618 | 05/03/10 |
| Chefs Warehouse Inc | 1,861.41 | 93861 | 04/16/10 | Seaside 8618 | 05/24/10 |
| Chefs Warehouse Inc | 839.55 | 94701 | 05/14/10 | Seaside 8618 | 06/22/10 |
| Chefs Warehouse Inc | 681.13 | 94303 | 04/30/10 | Seaside 8618 | 06/22/10 |
| Chefs Warehouse Inc | 996.93 | 94094 | 04/23/10 | Seaside 8618 | 06/22/10 |
| Chefs Warehouse Inc | 942.59 | 94880 | 05/21/10 | Seaside 8618 | 06/22/10 |
| Chefs Warehouse Inc | 1,751.50 | 94506 | 05/07/10 | Seaside 8618 | 06/22/10 |
| Chefs Warehouse Inc | 638.72 | 95087 | 05/28/10 | Seaside 8618 | 07/08/10 |
| Chefs Warehouse Inc | 3,385.52 | 95780 | 07/02/10 | Seaside 8618 | 07/09/10 |
| **Total Payments** | **$ 13,984.37** | | | | |